**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**William O'BRIEN, Defendant–Appellant.**

**No. 00–50744.**

**D.C. No. CR–99–01208–DMT.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Dec. 13, 2001.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

### MEMORANDUM *

O'Brien appeals from the judgment entered by the district court following his conviction by a jury of violations of 18 U.S.C. §§ 2422(b) and 2252A(a)(2)(B): use of the mail or facility of interstate commerce to attempt to induce a minor to engage in illegal sexual activity and of distribution of child pornography, respectively. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to except as may be

The standard of review for determining whether evidence is sufficient to support a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "Where ... the entrapment defense is submitted to the jury, an appellate court should not disturb the jury's finding unless, viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the government had disproved either of the elements of the entrapment defense." *United States v. Jones*, 231 F.3d 508, 516 (9th Cir.2000).

O'Brien does not now challenge his conviction on Count four. O'Brien does challenge the sufficiency of the evidence as to Counts one, two, and three. Because O'Brien's sufficiency of the evidence argument was preserved by making timely motions for acquittal, we review de novo the district court's denial of these motions.

O'Brien's defense to the charges in Counts one, two, and three is that he was entrapped and that the government failed to meet its burden of showing there was no entrapment.

A finding of no entrapment can be proved beyond a reasonable doubt if O'Brien was predisposed to committing the crimes. *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir.1994). Five factors are analyzed in determining whether O'Brien was predisposed to commit the offenses: (1) his character and reputation; (2) whether the government made the initial suggestion of criminal activity; (3)

provided by Ninth Circuit Rule 36.3.

whether O'Brien engaged in the activity for profit; (4) whether O'Brien showed any reluctance; and (5) the nature of the government's inducement. *Id.* None of these factors is controlling, but the most important is whether O'Brien was reluctant to engage in the criminal activity. *Id.*

As to the first factor, O'Brien did not have a criminal record prior to these events, and he apparently had a good reputation in the small town in which he lived. Therefore, the first factor favors O'Brien.

In arguing the second factor, O'Brien points out that "Lorie" was the first to suggest that "Lorie" travel in interstate commerce to visit him. Thus, the second factor favors O'Brien as well.

The government presented no evidence that O'Brien profited or intended to profit from these activities, and therefore, the third factor either is inapplicable or favors O'Brien.

■ The most important factor is whether O'Brien showed any reluctance. *Id.* O'Brien initiated sexual discussions with "Lorie," strongly encouraged her to come visit and then live with him, and offered to and ultimately paid for a one-way bus ticket for "Lorie" to come to his home. He also indicated that he had visited the "Girls and Older Guys" chat room and chatted with other teenage girls prior to meeting "Lorie," and that he had "prayed for" someone like "Lorie" all his life. This evidence demonstrates O'Brien's clear lack of reluctance. The government did not engage in "repeated and persistent solicitation." *United States v. Simas,* 937 F.2d 459, 462 (9th Cir.1991), citing *United States v. Reynoso Ulloa,* 548 F.2d 1329, 1335–36 (9th Cir.1997). Thus, the most important factor of the analysis strongly favors the government's position that O'Brien was predisposed to this behavior.

The fifth and final factor deals with the nature of the government's inducement. *Davis,* 36 F.3d at 1430. Inducement is defined as "repeated and persistent solicitation or persuasion which overcomes the defendant's reluctance," *Simas,* 937 F.2d at 462 (internal quotations omitted), or "any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense." *Davis,* 36 F.3d at 1430. It must be initiated by someone acting on behalf of the government. *Id.* In *Davis,* we held that when there are "conflicting assertions of fact," the jury's determination should prevail. *Id.* at 1431 (internal quotations omitted).

In the present case, there is evidence that both does and does not support a conclusion of inducement. There is extensive evidence that O'Brien initiated very explicit discussions about sex, offered to and in fact did pay for a bus ticket for "Lorie" to come to California to live with him, and told her he wanted her to be his "daughter, girlfriend and wife." There is also evidence that "Lorie" stated that "Lorie" would visit O'Brien. Viewing the evidence in the light most favorable to the government, we conclude that a reasonable jury could have decided that the government proved, beyond a reasonable doubt, that the government's participation did not constitute "repeated or persistent solicitation" sufficient to constitute inducement. Thus, the fifth factor also favors the government.

Considering these factors in combination, with the first three favoring O'Brien and the last two, including the most important, strongly favoring the government, we conclude that a reasonable jury could have determined that the government had disproved the lack of predisposition element of the entrapment defense.

The same reasoning applies to the pornography distribution Counts. O'Brien had child pornography on his computer prior to beginning his interactions with "Lorie." He also admitted trading images of child

pornography in lesbian chat rooms independently of his interactions with "Lorie." Applying the analytical framework discussed earlier, we conclude that there was sufficient evidence for a jury to find that O'Brien was not entrapped on the distribution counts.

Thus, we hold that, as to all challenged counts, a "reasonable jury could have concluded that the government had disproved ... the elements of the entrapment defense." *Jones*, 231 F.3d at 516. Consequently, there was sufficient evidence to support appellant O'Brien's convictions on the challenged Counts.

AFFIRMED.